
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHU XUAN BUI, PRO SE, § | | |
| ALSO KNOWN AS BUI PHU XUAN, § | | |
| TDCJ-CID # 830601, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:07-CV-0218 | |
| § | | |
| FORT WORTH STAR TELEGRAM, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On October 17, 2007, the instant cause was filed, along with a Notice of Removal. After review of the complaint and accompanying documents, and noting plaintiff's additional claims of violations of his Fifth, Eighth, and Fourteenth Amendment rights by the defendant and that Texas courts failed to enforce a civil right and denied plaintiff's right to Equal Protection and protection against Double Jeopardy, the Court has determined it should be construed as a civil rights complaint.

Plaintiff PHU XUAN BUI, also known as BUI PHU XUAN, acting *pro se*, has filed suit pursuant to Title 42, United States Code, section 1983 challenging the state court verdict and dismissal of his civil suit against the above-named defendant for libel. Plaintiff also claims violations of his Fifth, Eighth, and Fourteenth Amendment rights by the defendant and contends Texas courts failed to enforce a civil right and denied plaintiff's right to Equal Protection and protection against Double Jeopardy.

Plaintiff seeks $10,000,000.00 in punitive damages, an award of $1,000,000.00 per year in actual damages from 2005 until "this case is solved," and costs.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

**THE LAW AND ANALYSIS**

The Court notes the instant case was prosecuted to conclusion in the state trial court, plaintiff lost his appeal, and the Texas Supreme Court has denied plaintiff's petition for review. Thus, the case is not currently "pending" in state court, a requisite for removal. Title 28, United States Code, section 1441. Where removal is appropriate, it is a prerogative of the defendant, not of the plaintiff. *Id*. Lastly, libel is a state tort claim and is not an appropriate cause of action for removal to federal court. For all these reasons, the instant cause does not qualify for

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

removal.

As to plaintiff's claims that the defendant violated his Fifth, Eighth, and Fourteenth Amendment rights, these claims against defendant FORT WORTH STAR TELEGRAM fail because plaintiff has not alleged and there is nothing in his claims to support a contention that the defendant was acting under color of state law. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements necessary for recovery under section 1983: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official).

Further, considering plaintiff's complaint that Texas courts failed to enforce a civil right and denied plaintiff's right to Equal Protection and protection against Double Jeopardy, it is immediately apparent these claims lack an arguable basis in law and are frivolous. "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42,

United States Code, section 1983, by plaintiff PHU XUAN BUI, also known as BUI PHU XUAN is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 25th day of October, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE